|     |     |
| --- | --- |
| 1   |     |
| 2   |     |
| 3   |     |
| 4   |     |
| 5   |     |
| 6   |     |
| 7   |     |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| ROGERS MWANGI,                        | CASE NO. 2:25-cv-01242-LK            |
|---------------------------------------|--------------------------------------|
| Plaintiff,                            | ORDER GRANTING STIPULATED MOTION TO STAY |
| v.                                    |                                      |
| ARISTO HEALTHCARE SERVICES LLC,       |                                      |
| Defendant.                            |                                      |

This matter comes before the Court on the parties' Stipulation to Stay, Toll, and Mediate. Dkt. No. 17. The parties in this putative class action ask the Court to "stay this case and all pending deadlines for a period of 75 days to allow the Parties adequate time to engage in settlement discussions and attend mediation to resolve this case." *Id.* at 1.

The parties are in the process of exchanging information to facilitate settlement, after which they "will proceed to conduct substantive discussions regarding settlement, review damage models, and attend mediation with an experienced wage and hour mediator should informal negotiations be unsuccessful." *Id.* at 2. They ask the Court to stay the matter in the meantime.[1]

---

[1] Although the parties' filing is titled a "Stipulation and [Proposed] Order to Stay, Toll, and Mediate," *id.* at 1, neither

ORDER GRANTING STIPULATED MOTION TO STAY - 1

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). The Court "may order a stay of the action pursuant to its power to control its docket and calendar and to provide for a just determination of the cases pending before it." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979). In considering whether to grant a stay, courts consider several factors, including:

> the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Here, it does not appear that any damage, hardship, or inequity will result from the requested stay or that any questions of law will arise as a result. In addition, granting a stay will promote the orderly course of justice and preserve the parties' and the Court's resources.

For the foregoing reasons, the Court GRANTS the Stipulation to Stay, Toll, and Mediate. Dkt. No. 17, VACATES all pending deadlines, and STAYS this case for the requested 75-day period. The Court ORDERS the parties to submit a joint status report by Tuesday, March 24, 2026 or within 14 days of settlement, whichever occurs first.

Dated this 7th day of January, 2026.

Lauren King
United States District Judge

---

the stipulation nor the proposed order asks the Court to order tolling or mediation.

ORDER GRANTING STIPULATED MOTION TO STAY - 2